**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION - DAYTON**

| | | |
|---|---|---|
| BRYAN A. MOBLEY, | : | CASE NO. 3:13-cv-00102 |
| Plaintiff, | : | Judge Timothy S. Black<br>Magistrate Michael R. Merz |
| v. | : | |
| | : | |
| MIAMI VALLEY HOSPITAL, INC., | : | **DEFENDANT'S ANSWER WITH JURY DEMAND ENDORSED HEREON** |
| Defendant. | | |

Now comes the Defendant Miami Valley Hospital (inaccurately identified as Miami Valley Hospital, Inc., in the Plaintiffôs Complaint), by and through counsel, and hereby responds to the numbered allegations set forth in the Plaintiffôs Complaint as follows:

1. Denied for lack of knowledge.

2. Admit that Miami Valley Hospital is an Ohio non-profit corporation with its principal place of business in Montgomery County, Ohio. Otherwise, denied.

3. Admit that venue is proper.

4. Denied for lack of knowledge.

5. Denied for lack of knowledge.

6. Admit that Plaintiff was hired by Defendant, effective October 30, 2006, as a Full Time Attendant III ï Environmental Services. Plaintiff was tasked with, among other things, cleaning surgical suites. Otherwise, denied.

7. Admit that Plaintiff was at times assigned to work in the surgical center, cleaning surgical suites. Otherwise, denied.

8. Admit that Joseph Zippilli at times supervised Plaintiff during his employment with Defendant. Otherwise, denied.

9. Admit that Plaintiff has received coachings for his performance issues at various times throughout his employment. Otherwise, denied.

10. Denied.

11. Admit that Plaintiff was reassigned in February, 2012. Otherwise, denied.

12. Admit that Plaintiffôs job duties changed with his reassignment in February, 2012. Otherwise, denied.

13. Denied.

14. Admit that Plaintiff failed to perform his assigned duties. Otherwise, denied.

15. Denied.

16. Denied.

17. Admit that Plaintiff produced physician notes when requesting to be reassigned. Otherwise, denied.

18. Denied.

19. Admit that Plaintiff was issued a Step 3 Warning for not following company procedure by not calling-in in relation to his absence on February 14, 2012. Otherwise, denied.

20. Admit that Plaintiff requested FMLA leave after-the-fact for his absence on February 14, 2012. Otherwise, denied.

21. Admit that Plaintiff submitted a grievance on or about March 6, 2012. Otherwise, denied.

22. Admit that Plaintiff received Step 4 and Step 5 disciplinary actions, which speak for themselves. Otherwise, denied.

23. Denied.

24. The Defendant reincorporates its answers to all of the preceding allegations as if rewritten herein.

25. Admit that Miami Valley Hospital is a covered entity as defined in 42 USC §12111(2). Otherwise, denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. The Defendant reincorporates its answers to all of the preceding allegations as if rewritten herein.

37. Denied.

38. Denied.

39. The Defendant reincorporates its answers to all of the preceding allegations as if rewritten herein.

40. Denied.

41. Admitted.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

The Defendant denies any allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Plaintiffôs Complaint fails to state claims against the Defendant upon which relief can be granted.

### SECOND DEFENSE

The Plaintiff assumed the risk of any injuries or damages which he may have suffered and, accordingly, his claims are barred.

### THIRD DEFENSE

The Plaintiffôs claims are barred by the doctrine of unclean hands.

### FOURTH DEFENSE

The Plaintiffôs claims are barred in whole or in part due to the Plaintiffôs failure to mitigate his alleged damages.

**FIFTH DEFENSE**

The Plaintiffôs claims are barred by the doctrines of estoppel and/or laches.

**SIXTH DEFENSE**

The Plaintiffôs claims are barred by the applicable statute of limitations.

**SEVENTH DEFENSE**

The Plaintiffôs claims are barred by his failure to name and/or join necessary parties.

**EIGHTH DEFENSE**

The Plaintiffôs claims are barred in whole or in part due to improper process and failure of service of process.

**NINTH DEFENSE**

The Plaintiffôs claims are barred by his failure to exhaust available administrative remedies.

WHEREFORE, the Defendant respectfully requests that the Plaintiffôs Complaint be dismissed against it in its entirety at Plaintiffôs cost.

Respectfully submitted,

*/s/ Karen T. Dunlevey*

Karen T. Dunlevey, Trial Attorney (0067056)
BIESER, GREER & LANDIS LLP, of counsel
400 PNC Center, 6 North Main Street
Dayton, Ohio 45402-1908
Telephone: (937) 223-3277
Facsimile: (937) 223-6339
E-mail: ktd@bgllaw.com
Attorneys for Plaintiff

**JURY DEMAND**

Defendant Miami Valley Hospital demands a trial by jury on the issues in this case pursuant to Rule 38(B) of the Ohio Rules of Civil Procedure.

/s/ *Karen T. Dunlevey*
Karen T. Dunlevey (0067056)

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2013, this document was electronically filed via the Courtös authorized electronic filing system which will send notifications of this filing to the following:

Adam R. Webber, Esq.
FALKE & DUNPHY, LLC
30 Wyoming Street
Dayton, Ohio 45409
Telephone: 937-222-3000
Facsimile: 937-222-1414
E-mail: webber@ohiolawyers.cc
*Attorneys for Plaintiff*

BIESER, GREER & LANDIS LLP

By /s/ *Karen T. Dunlevey*
Karen T. Dunlevey (0067056)

0460.213075/411737.1