**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| BRYAN A. MOBLEY, | : | Case No. 3:13-cv-00102 |
| Plaintiffs, | : | |
| vs. | : | District Judge Timothy J. Black<br>Magistrate Judge Michael R. Merz |
| MIAMI VALLEY HOSPITAL, INC | : | |
| Defendant. | : | Rule 26(f) REPORT OF PARTIES |

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on <u>May 3, 2013</u>, and was attended by:

   <u>Adam R. Webber</u>, counsel for plaintiff <u>Bryan A. Mobley</u>

   <u>Gretchen Treherne</u>, counsel for defendant <u>Miami Valley Hospital, Inc.</u>

2. The parties:

   _____ have provided the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1), including a medical package (if applicable).

   \_\_X\_\_ will exchange such disclosures by <u>May 17, 2013</u>.

   _____ are exempt from disclosure under Fed. R. Civ. P. 26(a)(1)(E).

3. The parties:

　　　　　 unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

　　　　　 do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

　_X_　 unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), <u>for trial purposes only</u>, in the event that the assigned District Judge is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

4. Recommended cut-off date for filing of motions directed to the pleadings: <u>May 17, 2013</u>.

5. Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties: <u>May 31, 2013</u>.

6. Recommended discovery plan:

   a. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions and (3) prepare for trial:

   <u>The parties propose to conduct modest written discovery of Plaintiff and 1-2 Defendant witnesses to make settlement evaluations; perhaps additional depositions and written discovery to prepare for dispositive motions; and all necessary discovery to prepare for trial. Subjects of discovery will include Plaintiff's claims and Defendant's objections.</u>

   b. What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this Court, including the limitations to 25 interrogatories/requests for admissions and the limitation of 10 depositions, each lasting no more than one day consisting of seven (7) hours?

   <u>None.</u>

   c. Additional recommended limitations on discovery:

   <u>None</u>.

   d. Recommended date for disclosure of lay witnesses:

   <u>August 30, 2013</u>.

e. Describe the areas in which expert testimony is expected and indicate whether each expert has been or will be specifically retained within the meaning of Fed. R. Civ. P. 26(a)(2).

The parties anticipate that expert testimony may be sought on the following subjects: damages calculations, Plaintiff's disabilities, and Plaintiff's vocational abilities. Defendant will consider rebuttal experts on these areas.

f. Recommended date for making primary expert designations:

November 1, 2013.

g. Recommended date for making rebuttal expert designations:

November 15, 2013.

h. The parties have electronically stored information in the following formats:

Plaintiff – none; Defendant – the Defendant has information related to payroll, performance, and other related matters in electronic format. Defendant will produce theses documents initially has hard-copy print-outs. Defendant will honor any requests to examine the source information, if so required, in accordance with applicable laws, rules and regulations.

The case presents the following issues relating to disclosure or discovery of electronically store information, including the form or forms in which it should be produced:
None.

i. The case presents the following issues relating to claims of **privilege or of protection as trial preparation materials:**

The parties agree that, in the event of an inadvertent disclosure of privileged materials, the inadvertently disclosed materials may be "clawed back." The parties also agree to provide "privilege logs" for any materials requested, but not disclosed.

Have the parties agreed on a procedure to assert such claims **AFTER** production?

_____ No

\_\_\_X\_\_\_ Yes

_____ Yes, and the parties ask that the Court include their agreement in an order.

    j.    Recommended discovery cut-off date: <u>January 17, 2014.</u>

7. Recommended dispositive motion date: <u>February 17, 2014</u>.

8. Recommended date for status conference (if any): <u>n/a</u>.

9. Suggestions as to type and timing of efforts at Alternative Dispute Resolution:

    <u>The parties agree to approach the Court if they require assistance with ADR</u>.

10. Recommended date for a final pretrial conference: <u>April 30, 2014</u>.

11. Has a settlement demand been made?  <u>Yes.</u>    A response?  <u>No.</u>

    Date by which a settlement demand can be made: <u>n/a</u>.

    Date by which a response can be made: <u>May 31, 2013</u>.

12. Other matters pertinent to scheduling or management of this litigation:

    <u>None.</u>

    Signatures:

| Attorneys for Plaintiff: | Attorneys for Defendant: |
|---|---|
| /s/ Adam R. Webber | /s/ Gretchen M. Treherne |
| Adam R. Webber, Esq. (0080900) | John F. Haviland (0029599) |
| Trial Attorney for Brian A. Mobley | Trial Attorney for Miami Valley Hospital |
| FALKE & DUNPHY, LLC | Gretchen M. Treherne (0074376) |
| 30 Wyoming Street | BIESER, GREER & LANDIS LLP |
| Dayton, Ohio 45409 | 400 PNC Center, 6 North Main Street |
| Dayton, Ohio 45409 | Dayton, Ohio 45402-1908 |
| Telephone: (937) 222-3000 | Telephone: (937) 223-3277 |
| Facsimile: (937) 222-1414 | Facsimile: (937) 223-6339 |
| E-mail: webber@ohiolawyers.cc | E-mail: jfh@bgllaw.com; gmt@bgllaw.com |